UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DORIS KAY LOUIS,

        Plaintiff,

v.                         **MEMORANDUM OF LAW & ORDER**
                           Civil File No. 12-821 (MJD/FLN)

MICHAEL CHARLES HULSEY,

        Defendant.

Gabriel D. Johnson, Fields Law Office, Counsel for Plaintiff.

Patrick M. Conlin, Brett W. Olander & Associates, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss. [Docket No. 2] The Court heard oral argument on September 7, 2012. Because Defendant has no minimum contacts with Minnesota, this case is dismissed for lack of personal jurisdiction.

## II.    BACKGROUND

Plaintiff Doris Kay Louis has been a resident of Minnesota since 1971.

1

Defendant Michael Charles Hulsey is a resident of Georgia, who lives and works in Georgia. Hulsey has never visited Minnesota, owns no property or investments in Minnesota, and knows no one who lives in Minnesota.

On November 13, 2009, Louis traveled to Roswell, Georgia to visit her son, daughter-in-law, and grandchildren. On November 14, 2009, while Louis was driving her daughter-in-law's vehicle and was stopped at a stop sign in Roswell, Louis was rear-ended by Hulsey. Hulsey was determined to be at fault and received a ticket for following too closely. According to Louis, her daughter-in-law and grandchildren were the passengers in the vehicle at the time of the accident.

On November 16, 2009, Louis returned to Minnesota, where she treated her injuries of neck pain, chest pain, and left shoulder pain. She underwent radiofrequency neurotomy surgery on her neck in February 2011, and, to date, her medical bills total $27,192.77. All of her medical treatment has been in Minnesota. She also claims $8,464 in lost wages due to her injuries.

On April 2, 2012, Louis filed a Complaint against Hulsey in this Court, based on diversity jurisdiction. The Complaint alleges that Defendant negligently drove his motor vehicle into Plaintiff, causing physical injury.

Hulsey now moves to dismiss the case based on lack of personal jurisdiction or, in the alternative, forum non conveniens.

## III. DISCUSSION

### A. Personal Jurisdiction Standard

While the plaintiff eventually bears the burden to establish personal jurisdiction by preponderance of the evidence, when personal jurisdiction is decided based upon affidavits, prior to an evidentiary hearing, the plaintiff need only establish a prima facie showing of personal jurisdiction. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). "[T]he court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." Id. (citations omitted).

"A two-step inquiry is employed when determining whether a federal court has jurisdiction over a non-resident party: (1) whether the facts presented satisfy the forum state's long-arm statute, and (2) whether the nonresident has 'minimum contacts' with the forum state, so that the court's exercise of jurisdiction would be fair and in accordance with due process." Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 528 (8th Cir. 1991) (citation omitted). "The Minnesota long-arm statute extends jurisdiction to the

fullest extent permitted by the due process clause." Id. Thus, the Court need only determine whether the due process clause allows jurisdiction in this case.

The Eighth Circuit has explained:

> The due process clause requires there be minimum contacts between the defendant and the forum state before the forum state may exercise jurisdiction over the defendant. Sufficient contacts exist when the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice. In assessing the defendant's reasonable anticipation, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Id. at 528–29 (citations omitted).

In order to determine whether the exercise of jurisdiction comports with due process, the Court examines five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Stanton v. St. Jude Med., Inc., 340 F.3d 690, 694 (8th Cir. 2003) (citation omitted). The first three factors are primary, while the last two factors are secondary. Id.

A court can exercise either specific or general personal jurisdiction over a party. "Specific jurisdiction refers to jurisdiction over causes of action arising

4

from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted). General personal jurisdiction exists when a party has "continuous and systematic" contacts with the forum state. Id. In the instant case, neither party argues that Hulsey is subject to general jurisdiction in Minnesota. Thus, the only jurisdictional issue before the Court is whether it may exercise specific personal jurisdiction over Hulsey.

    B.    Discussion

Defendant has no contact, ties, or relations with Minnesota. When he rear-ended a Georgia vehicle while driving in Georgia, he was not directing any action towards Minnesota or attempting to establish contact with Minnesota. Hulsey never sought to purposely avail himself of the privilege of conducting any business or activity in Minnesota and, therefore, he did not gain the benefits and protections of Minnesota law as a result of any conduct by him. Vikse v. Flaby, 316 N.W.2d 276, 282 (Minn. 1982), relied upon by Plaintiff, involved intentional fraud aimed at Minnesota residents with intentional contacts initiated

with Minnesota, such as corresponding with persons in Minnesota; this is a negligence case, with no intentional action aimed at Minnesota.

The primary factors under the minimum contacts test (the nature and quality of the contacts with the forum state; the quantity of contacts with the forum; and the relation of the cause of action to these contacts) all strongly militate against personal jurisdiction. Hulsey had no contacts with the State of Minnesota – he has never reached out to the State of Minnesota, directed actions towards Minnesota, or availed himself of the protection of its laws. He had contact with a Minnesota resident in this case, but that contact occurred negligently – not intentionally – in Georgia, while the Minnesota resident was in a Georgia vehicle.

The remaining two factors are secondary. The interest of the forum state in providing a forum for its residents is the only factor that weighs in favor of personal jurisdiction. Minnesota courts have an interest in providing a forum for Minnesota residents, such as Louis, and, because the Georgia statute of limitations may have expired, it is possible that no other forum is available to Louis.

The final factor, the convenience of the parties, weighs against personal jurisdiction. Litigating in Minnesota would be more convenient for Louis than

litigating in Georgia; however, this factor still weighs against a finding of personal jurisdiction.  Louis has visited Georgia before – such as when she was in the auto accident that underlies this lawsuit – and has family in Georgia.  On the other hand, Hulsey has no contact with Minnesota whatsoever and does not know anyone in Minnesota.  Therefore, it would be more inconvenient for Hulsey to litigate in Minnesota than it would be for Louis to litigate in Georgia.

Overall, it is clear that this Court cannot exercise personal jurisdiction over Defendant under the due process clause of the United States Constitution.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion to Dismiss [Docket No. 2] is **GRANTED** and this matter is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   September 28, 2012          s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge
                                     United States District Court